**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1279-19T1

ANTHONY CELESTIN,

    Plaintiff-Respondent,

v.

AVIS BUDGET GROUP,
INC. and BUDGET RENT
A CAR SYSTEM, INC.,

    Defendants-Appellants.

_____

Telephonically argued June 17, 2020 –
Decided July 28, 2020

Before Judges Koblitz and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0102-19.

Kim M. Watterson (Reed Smith LLP) of the Pennsylvania bar, admitted pro hac vice, argued the cause for appellants (Reed Smith LLP, attorneys; Mark Fidanza, Kim M. Watterson, Jason E. Hazlewood (Reed Smith LLP) of the Pennsylvania bar, admitted pro hac vice, and M. Patrick Yingling (Reed Smith LLP) of the Pennsylvania and Illinois bars, admitted pro hac vice, on the briefs).

Joseph A. Osefchen argued the cause for respondent (De Nittis Osefchen and Prince PC, attorneys; Joseph A. Osefchen, Stephen P. De Nittis and Shane T. Prince, on the brief).

PER CURIAM

Defendants Avis Budget Group, Inc. and Budget Rent A Car System, Inc. (collectively Budget or defendants) appeal from an October 30, 2019 order denying their motion to compel arbitration and stay plaintiff's individual claims. The central issue is whether an arbitration provision was incorporated by reference when plaintiff rented a car from Budget. We hold that it was not and affirm.

I.

The material facts are not in dispute. On November 25, 2017, plaintiff Anthony Celestin rented a car from Budget at a facility located in Allentown, Pennsylvania. Plaintiff lives in New Jersey and the rental agreement stated that he would return the car that same day to Budget's facility in Trenton, New Jersey.

Before plaintiff rented the car, he was shown a one-page rental agreement, which he initialed and signed. The agreement set forth the estimated charges for the rental, which was $70.66. At the bottom of the rental agreement it stated:

"I agree the charges listed above are estimates and that I have reviewed [and] agreed to notices [and] terms here and in the rental jacket."

After plaintiff signed the rental agreement, plaintiff was given a rental jacket that contained a copy of the one-page rental agreement and a multi-page document entitled, "Rental Terms and Conditions." That second document contained thirty-two paragraphs. Paragraph twenty-nine was labeled "Arbitration" and stated all disputes between plaintiff and Budget, except as noted, would be resolved in binding arbitration through the American Arbitration Association.[1] The provision also explained that there would be no judge or jury in the arbitration and plaintiff was giving up the right to bring or participate in a class action. In addition, the provision stated: "This arbitration agreement is subject to the Federal Arbitration Act."

It is undisputed that no representative of Budget reviewed the terms and conditions or the arbitration provision with plaintiff. Plaintiff also did not sign the terms and conditions. Indeed, there was no place for plaintiff to sign the

---

[1] The arbitration provision provided for "Pre-Dispute Resolution Procedure[s]" and exempted from arbitration certain claims. Those exemptions were identified in the last sentence of the arbitration provision, which stated: "Disputes and claims that are within the scope of a small claims court's authority, as well as disputes and claims regarding personal injury and/or damage to or loss of a vehicle related to your Budget rental, are exempt from the foregoing dispute resolution provision."

A-1279-19T1

terms and conditions or the arbitration provision contained in those terms and conditions.

Plaintiff used the rental car for approximately three hours, drove it to New Jersey, and dropped it off at Budget's facility in Trenton. Budget charged plaintiff $340.66, which included a $250 cleaning fee for smoking in the car. Plaintiff claimed he did not smoke in the car and disputed that charge. Budget, however, would not remove the charge.

In January 2019, plaintiff filed a complaint in New Jersey against defendants. Thereafter, plaintiff amended his complaint and asserted various claims, including breach of contract, and claims under the Consumer Fraud Act, N.J.S.A. 56:8-1 to -224, and the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to -18. In addition, plaintiff proposed that his claims should be certified as a class action.

Defendants responded by moving to compel arbitration and stay the litigation. Defendants argued that Pennsylvania law governed the question whether the parties had entered into a binding arbitration agreement and whether the terms and conditions, including the arbitration provision, were incorporated into the rental agreement.

4

After hearing oral argument, on October 30, 2019, the trial court denied defendants' motion, explaining its ruling on the record and issuing a memorializing order. The trial court held that there was no conflict between New Jersey and Pennsylvania law and the arbitration provision was not incorporated into the rental agreement under the law of either state. The court also reasoned that, even if there was a conflict, New Jersey law governed and under New Jersey law the arbitration provision was not incorporated into the rental agreement. Accordingly, the court held that there was no mutually enforceable agreement to arbitrate and denied defendants' motion.

II.

On appeal, defendants make three arguments, contending that (1) under New Jersey law, the arbitration provision was incorporated into the rental agreement; (2) if there is a conflict, Pennsylvania law governs; and (3) under Pennsylvania law, plaintiff agreed to arbitrate because the arbitration provision was incorporated into the rental agreement. We reject these arguments and hold that there was no enforceable agreement to arbitrate.

Initially, we identify our standard of review. Appellate courts use a de novo standard when determining the enforceability of arbitration agreements. Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019) (citing Hirsch v. Amper

Fin. Servs., LLC, 215 N.J. 174, 186 (2013)). The validity of an arbitration agreement is a question of law, and such legal issues are reviewed on a plenary basis. Ibid. (citing Morgan v. Sanford Brown Inst., 225 N.J. 289, 303 (2016)).

The arbitration provision in the terms and conditions stated that it was governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 to 16. Both New Jersey and Pennsylvania law are in accord with the FAA that arbitration is to be favored. See Goffe, 238 N.J. at 207-08; Griest v. Griest, 183 A.3d 1015, 1022-23 (Pa. Super. Ct. 2018).

Under the FAA, an agreement to arbitrate is to be treated like any other contract. 9 U.S.C. § 2; Rent-A-Cent., W., Inc. v. Jackson, 561 U.S. 63, 67-68 (2010) (citations omitted); see also Hirsch, 215 N.J. at 187 (quoting N.J.S.A. 2A:23B-6(a)) (explaining that under New Jersey law, arbitration is also a creature of contract). "[T]he FAA permits states to regulate . . . arbitration agreements under general contract principles, and a court may invalidate an arbitration clause upon such grounds as exist at law or in equity for the revocation of any contract." Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 441-42 (2014) (citations omitted).

In determining whether a matter should be submitted to arbitration, a court must evaluate (1) whether a valid arbitration agreement exists, and (2) whether

6

the dispute falls within the scope of the agreement.  Lamps Plus, Inc. v. Varela, 587 U.S. ___, 139 S. Ct. 1407, 1416 (2019) (citations omitted); Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 626 (1985); Martindale v. Sandvik, Inc., 173 N.J. 76, 92 (2002).

Accordingly, the question here is whether, under New Jersey or Pennsylvania law, plaintiff and Budget entered into an enforceable agreement to arbitrate.  Determining that issue involves a choice-of-law question.  "When a civil action is brought in New Jersey, our courts apply New Jersey's choice-of-law rules in deciding whether this State's or another state's" law governs. McCarrell v. Hoffmann-La Roche, Inc., 227 N.J. 569, 583 (2017) (citation omitted).  "The first step in a conflicts analysis is to decide whether there is an actual conflict between the laws of the states with interests in the litigation." Cont'l Ins. Co. v. Honeywell Int'l, Inc., 234 N.J. 23, 46 (2018) (citing P.V. ex rel. T.V. v. Camp Jaycee, 197 N.J. 132, 143 (2008)).  "If there is no actual conflict, then the choice-of-law question is inconsequential, and the forum state applies its own law to resolve the disputed issue."  Rowe v. Hoffmann-La Roche, Inc., 189 N.J. 615, 621 (2007).  "A conflict of law requires a 'substantive difference' between the laws of the interested states."  Cont'l, 234 N.J. at 46 (quoting DeMarco v. Stoddard, 223 N.J. 363, 383 (2015)).  "A 'substantive

A-1279-19T1

difference' is one that 'is offensive or repugnant to the public policy of this State.'" Ibid. (quoting DeMarco, 223 N.J. at 383).

Both parties argue that the outcome concerning the incorporation of the arbitration provision is the same under New Jersey and Pennsylvania law. But the parties reach opposite conclusions on the application of the law. Defendants argue that under both New Jersey and Pennsylvania law, the arbitration provision was incorporated into the rental agreement. Plaintiff, by contrast, argues that under both New Jersey and Pennsylvania law, the arbitration provision was not incorporated by reference.

We hold that there is no substantive difference between Pennsylvania and New Jersey law concerning incorporation by reference. New Jersey law permits contractual terms to be incorporated by reference. "[F]or there to be a proper and enforceable incorporation by reference of a separate document," (1) the incorporated document "must be described in such terms that its identity may be ascertained beyond doubt" and (2) "the party to be bound by the terms must have had 'knowledge of and assented to the incorporated terms.'" Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 533 (App. Div. 2009) (quoting 4 Williston on Contracts § 30:25 (Lord Ed. 1999)); Bacon v. Avis Budget Grp., Inc., 959 F.3d 590, 600 (3d Cir. 2020) (citation omitted).

Under Pennsylvania law, to be incorporated by reference the document must be "reasonably clear and ascertainable." See Bernotas v. Super Fresh Food Mkts., 816 A.2d 225, 231 (Pa. Super. Ct. 2002) (citation omitted), rev'd on other grounds, 863 A.2d 478 (Pa. 2004); Century Indem. Co. v. Certain Underwriters at Lloyd's, 584 F.3d 513, 534 (3d Cir. 2009) (citation omitted).

Applying either New Jersey or Pennsylvania law to the material facts of this case, the terms and conditions, including the arbitration provision, were not incorporated into the rental agreement. Accordingly, New Jersey law governs.

To be enforceable under New Jersey law, an arbitration provision "must be the product of mutual assent" and the parties must have had full knowledge that they were giving up the right to pursue all claims in court and, instead, were agreeing to arbitrate those claims. Atalese, 219 N.J. at 442-44 (quoting NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 424 (App. Div. 2011)) ("An agreement to arbitrate, like any other contract, 'must be the product of mutual assent, as determined under customary principles of contract law.'"); see also Morgan, 225 N.J. at 308 (citation omitted) ("An enforceable agreement requires mutual assent, a meeting of the minds based on a common understanding of the contract terms.").

Plaintiff did not assent to arbitration. Plaintiff was neither shown nor told about the arbitration provision before he signed the rental agreement. After he signed the rental agreement, he was handed a rental jacket that contained the terms and conditions. No representative of Budget, however, pointed out the arbitration provision nor was plaintiff requested to review the terms and conditions, which included the arbitration provision. Those undisputed facts establish that there was no mutual assent. Moreover, plaintiff was never expressly informed that he was giving up his right to pursue claims in court and that he would be required to resolve any disputes before an arbitrator.

In support of their position, defendants cite to an unpublished decision by the United States District Court for the Eastern District of Pennsylvania. Benson v. Budget Rent a Car Sys., No. 08-cv-4512, 2011 U.S. Dist. LEXIS 112554 (E.D. Pa. Sept. 29, 2011). In Benson, the court held that a similar rental agreement incorporated a rental jacket by reference. Id. at 9-12. In reaching that conclusion, the District Court reasoned that the incorporated provisions were "identified beyond all reasonable doubt." Id. at 11 (citation omitted). The court also reasoned that the "identity of the rental jacket" was ascertainable and its "incorporation [would] not result in surprise or hardship." Id. at 12 (citation omitted).

10

We are not persuaded by the reasoning of <u>Benson</u>. We hold that under Pennsylvania law the arbitration provision was not incorporated by reference into the rental agreement that plaintiff signed. As already noted, to be incorporated by reference under Pennsylvania law the document must be "reasonably clear and ascertainable." <u>See</u> <u>Bernotas</u>, 816 A.2d at 231; <u>Century</u>, 584 F.3d at 534. Defendants did not identify or describe the arbitration provision before handing it to plaintiff after he signed the rental agreement. Accordingly, the arbitration provision was not reasonably clear or ascertainable because it was never identified, reviewed, or explained to or by plaintiff.

Nevertheless, to the extent that there is a conflict between Pennsylvania and New Jersey law on this issue, we hold that New Jersey law governs. When, as here, the agreement does not contain an express choice-of-law provision, New Jersey favors the "most significant relationship" test, which is an extension of the "pure governmental interest" standard. <u>Cont'l</u>, 234 N.J. at 51-53, 57-58; <u>Restatement (Second) of Conflict of Laws</u> § 188 (Am. Law. Inst. 1977); <u>see also</u> <u>P.V. ex rel. T.V.</u>, 197 N.J. at 135-36, 141-42 n.4 ("[T]he most significant relationship test embodies all of the elements of the governmental interest test plus a series of other factors deemed worthy of consideration."). Initially, Section 6 of the <u>Restatement of Conflict of Laws</u> articulates generic choice-of-

law principles, which include "the relevant policies of the forum." Under Section 188 of the Restatement, "[t]he rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties [considering certain factors]." The factors to be considered "in applying the principles of [Section] 6" include "the place of contracting . . . the place of negotiation of the contract . . . the place of performance . . . the location of the subject matter of the contract, and . . . the domicil[e], residence, nationality, place of incorporation and place of business of the parties." Cont'l, 234 N.J. at 52 (quoting Restatement (Second) of Conflict of Laws § 188).

Applying these principles, we hold that New Jersey law governs the issue of whether there was a valid arbitration agreement and whether the arbitration provision was incorporated into the rental agreement. The contract at issue here was entered into in Pennsylvania, but there were no negotiations. The contract was then performed both in Pennsylvania and in New Jersey when plaintiff drove the rental car into New Jersey. In that regard, the rental agreement expressly recognized that plaintiff would return the car in Trenton, New Jersey. Plaintiff is a citizen of New Jersey and both defendants are incorporated in Delaware. The key determination, however, is that New Jersey has a strong

interest in protecting its consumers and has well-developed policies concerning the enforceability of arbitration agreements.  See Cont'l, 234 N.J. at 52-53, 57 (quoting Restatement (Second) of Conflict of Laws § 6); Atalese, 219 N.J. at 442-44 (citations omitted); Gen. Motors Acceptance Corp. v. Cahill, 375 N.J. Super. 553, 566 (App. Div. 2005) (recognizing the "broad public policy of protecting consumers").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1279-19T1